IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


REBECCA LEIGH HENRY                                                    PLAINTIFF


v.                                        CIVIL NO. 25-5210


FRANK BISIGNANO, Commissioner
Social Security Administration                                        DEFENDANT


## MEMORANDUM OPINION

Plaintiff, Rebecca Leigh Henry, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for SSI on August 28, 2023, alleging an inability to work due to a heart attack, lupus, fibromyalgia, degenerative disc disease, diabetes, high blood pressure, bipolar disorder, post-traumatic stress disorder, anxiety and stomach issues. (Tr. 80, 229).  An administrative telephonic hearing was held on May 28, 2025, at which Plaintiff appeared with counsel and testified. (Tr. 47-78).

By written decision dated June 26, 2025, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 19). Specifically, the ALJ found Plaintiff had the following severe impairments: chronic obstructive pulmonary disease (COPD), coronary artery disease (CAD) with hypertension, cannabis

dependence, mood disorder, personality disorder, anxiety disorder, and post-traumatic stress disorder (PTSD). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 22). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 416.967(b) except she must avoid concentrated exposure to humidity and to pulmonary irritants, such as fumes, dusts, gasses, and poorly ventilated areas. The claimant is also limited to initiating and carrying out to completion simple routine tasks with only occasional interaction with coworkers and supervisors , no interaction with the public, and only occasional changes in the work setting.

(Tr. 23). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a merchandise marker, a collator operator, and a mail sorter. (Tr. 32-33).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on August 13, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 10, 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

2

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issue on appeal: 1) The ALJ failed to properly assess Plaintiff's medically determinable low back impairment at Steps Two and Four of the Sequential Evaluation Process. (ECF No. 10). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 12).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. While the ALJ did not find every medical diagnosis to be a severe impairment, the ALJ specifically and thoroughly discussed the alleged impairments – including Plaintiff's alleged back pain- in the decision, and clearly stated that she considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. *Parker v. Kijakazi*, No. 4:21-CV-00547-NCC, 2022 WL 3585610, at *4 (E.D. Mo. Aug. 22, 2022) (even if the ALJ erred in failing to find an alleged impairment severe, the error was harmless in light of the ALJ's consideration of the impairment in the RFC analysis).

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of examining and non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. With each medical opinion, the ALJ stated how persuasive she found each opinion and articulated the basis for her finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole,

the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). After reviewing the record as a whole, the Court finds substantial evidence to support the ALJ's determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 17th day of June 2026.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

4